COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


CHURCH MUTUAL INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 1079-03-4            PER CURIAM
                                     AUGUST 19, 2003
CHARLES VINCENT SHIFFLETT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert M. Himmel; Gentry Locke Rakes &
            Moore, on brief), for appellant.

            (Peter J. Jones, on brief), for appellee.


     Church Mutual Insurance Company (insurer) contends the

Workers' Compensation Commission erred in awarding Charles

Vincent Shifflett (claimant) temporary partial disability (TPD)

benefits beginning March 3, 2002, and continuing.  Upon

reviewing the record and the parties' briefs, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  James v. Capitol Steel

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Claimant sustained an injury to his spine following an accident which arose out of and in the course of his employment with Calvary Baptist Church. In awarding claimant TPD benefits beginning March 3, 2002, the commission found as follows:

> The record supports that the claimant worked eighty hours per week before his injury but was restricted to twenty hours per week since his surgery. The claimant described several duties that he performed before the injury, in his role as minister, that he was presently unable to perform.
>
> The insurer argues that these responsibilities were not performed in connection with his job, but because of "the claimant's religious and altruistic sentiments." The employer is a church, however, and the claimant's job was minister of the church. The claimant testified that his particular ministerial duties included service to the elderly and other needy constituents among the employer's congregants. Most persuasively, however, the evidence was not disputed that the claimant's workweek dropped from eighty hours per week to twenty hours per week. We agree with the deputy commissioner that the claimant showed by a preponderance of the evidence that his continued employment with the employer was at a light-duty capacity.
>
> As for the insurer's argument that the claimant's reduction in earnings beginning

March 3, 2002, was self-imposed, the evidence showed that the claimant worked light-duty for the employer. The employer chose to continue the claimant's pre-injury salary for some time despite the reduction in work hours. Beginning March 3, 2002, however, the employer chose to enforce the agreed upon reduction in the claimant's pay. We agree with the deputy commissioner that the evidence showed that the claimant worked a greatly reduced workweek and it was more than reasonable for his pay to be similarly reduced.

(Footnote omitted.)

On January 24, 2002, Dr. Gregory A. Helm, claimant's treating neurosurgeon, confirmed that claimant had been restricted to light-duty work since his February 9, 2001 back surgery, with no pushing, pulling or lifting greater than twenty pounds. Dr. Helm indicated that when he saw claimant for follow-up on January 22, 2002, claimant was returned to light-duty employment, with the same restrictions, for twenty hours per week. A September 14, 2001 Functional Capacity Evaluation established that claimant demonstrated certain physical problems and that he would have trouble driving a church bus, kneeling, bending to greet children, participating in community activities, and standing for prolonged services/ministries.

Those medical records, coupled with claimant's undisputed testimony, provided ample credible evidence to support the commission's factual findings. Thus, those findings are binding and conclusive upon us on appeal. Accordingly, we affirm the

- 3 -

commission's decision that claimant sustained a wage loss
beginning March 3, 2002, attributable to his inability to fully
perform the duties of his pre-injury employment as a result of
his compensable injury by accident.

                                          <u>Affirmed.</u>